UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

IBRAHIM HALIL FIRATLI,

    Plaintiff,                               Civil Action No. _____

v.                                       Hon. _____

KRISTI NOEM, U.S. Secretary of
Homeland Security; TODD LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; LARRY ADAMS,
Assistant Field Office Director, ICE
Nashville Field Office; MELISSA
HARPER, Field Office Director, ICE
New Orleans Field Office,
    Defendants.
_____/

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

**AND, IN THE ALTERNATIVE, FOR A PRELIMINARY INJUNCTION**

Plaintiff, IBRAHIM HALIL FIRATLI ("Plaintiff" or "Mr. Firatli"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.01 for an emergency Temporary Restraining Order, and, in the alternative, a preliminary injunction, preventing Defendants from detaining him in connection with his

1

scheduled Immigration and Customs Enforcement ("ICE") check in on November 26, 2025, and from otherwise taking him into physical custody under the asserted authority of an expedited removal order, pending further order of this Court.

In support of this Motion, Plaintiff states as follows:

1. Plaintiff is a citizen and national of Turkey who was inspected and detained by Customs and Border Protection in El Paso, Texas on April 19, 2022, and subsequently released from custody on parole on May 17, 2022, so that he could pursue an asylum application in the United States.

2. In February 2023, Plaintiff filed an affirmative asylum application with the United States Citizenship and Immigration Services ("USCIS") Asylum Office. That application remained pending for years.

3. On June 13, 2025, USCIS sent Plaintiff an Asylum Dismissal Letter asserting that his case was being dismissed because of an expedited removal order, but no such order was attached. To date, Plaintiff has never been placed into removal proceedings under INA section 240, and he has never been afforded a credible fear interview.

4. On April 15, 2025, counsel responded in writing to the Asylum Office, contesting the dismissal and challenging the assertion that Plaintiff is subject to expedited removal. To date, USCIS has not responded.

5. Since his release on parole, Plaintiff has complied with all reporting obligations imposed by ICE Nashville. He is scheduled to report again on November 26, 2025.

6. Plaintiff has a well-founded and imminent fear that he will be arrested and detained at that November 26, 2025, check-in. His brother, who is in essentially the same circumstances, appeared for an ICE check-in at ICE Nashville on November 17, 2025, and was immediately detained. Upon information and belief, his brother has been transferred to ICE detention in Louisiana and is being held there.

7. Defendants have implemented a policy and practice of arresting noncitizens at their routine ICE check-ins and placing them into expedited removal, even where they have pending affirmative asylum applications or have otherwise been allowed to remain in the community for years under parole or similar forms of civil release.

8. Detaining Plaintiff now, over three years after his release on parole and while his affirmative asylum case remains improperly dismissed and unresolved, would violate the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and the Due Process and Fourth Amendment protections of the United States Constitution, as set forth in

detail in the Complaint for Injunctive and Declaratory Relief and in the accompanying Memorandum of Law.

9. Plaintiff faces immediate and irreparable harm if he is detained. He will be seized and removed from his community, separated from his support network and counsel, and placed into an expedited removal framework that restricts access to counsel and eliminates or sharply limits the relief that would otherwise be available to him as an affirmative asylum applicant in the United States. Monetary damages cannot remedy the loss of liberty and the deprivation of statutory and constitutional rights that will result from such detention.

10. Plaintiff has a strong likelihood of success on the merits of his claims because, among other reasons, he was paroled into the United States; he has resided here for more than two years; he has not been placed into section 240 proceedings; he has never received a credible fear interview; and Defendants' attempt to classify him as subject to mandatory detention as an expedited removal case is contrary to the plain language of 8 U.S.C. § 1225 and 1226, as well as to the Due Process Clause.

11. The balance of equities strongly favors Plaintiff. Defendants have allowed him to live in the community for more than three years without incident. He has no criminal record anywhere in the world and has complied

fully with all conditions of release. Preventing his detention for a limited period so that the Court can consider his claims on the merits will not meaningfully harm Defendants, but detaining him will cause him severe, irreparable harm.

12. The public interest is served by ensuring that federal agencies act in accordance with congressional statutes and the Constitution and that noncitizens who have complied with their reporting obligations are not arbitrarily detained at a routine check-in in contravention of due process.

13. In accordance with Local Rule 65.01, this Motion is accompanied by:

    a. A verified complaint or written complaint supported by declarations and exhibits;

    b. A Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order; and

    c. A proposed Temporary Restraining Order.

14. Plaintiff further requests that the Court set this matter for a prompt hearing on whether a preliminary injunction should issue before any TRO expires.

## CERTIFICATION REGARDING NOTICE

Undersigned counsel certifies that this Motion is being filed as an emergency motion and that counsel intends is providing notice and a copy of this Motion, the Complaint, the supporting memorandum, and proposed order to the Office of the United States Attorney for the Middle District of Tennessee by email contemporaneously with this filing. Plaintiff is not seeking an ex-parte restraining order without giving notice to Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Grant this Emergency Motion and enter the proposed Temporary Restraining Order enjoining Defendants from detaining Plaintiff in connection with his ICE check-in scheduled for November 26, 2025, or otherwise taking him into physical custody based on any purported expedited removal order, pending further order of this Court;

(2) Set this matter for a prompt hearing on a preliminary injunction before the expiration of any Temporary Restraining Order; and

(3) Grant such other and further relief as the Court deems just and proper, including waiver or minimal security under Fed. R. Civ. P. 65(c).

Respectfully submitted,

| | |
|---|---|
| s/ Neely Baugh-Dash | s/ Caridad Pastor (pro hac vice pending) |
| Neely Baugh-Dash  (038606) | Caridad Pastor (MI P43551) |
| Rose Immigration Law Firm | Pastor & Associates, P.C. |
| Harpeth on the Green III | 575 E. Big Beaver Road, Suite 185 |
| 105 Westpark Drive, Suite 330 | Troy, Michigan 48083 |
| Brentwood, TN 37027 | (248) 619-0065 |
| (615) 321-2256 | carrie@pastorandassociates.com |
| ndash@roseimmigration.com | |

Dated: November 21, 2025

Attorneys for Plaintiff