IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IBRAHIM HALIL FIRATLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case 3:25-cv-01361 |
| KRISTI NOEM, U.S. Secretary of ) | Judge Campbell |
| Homeland Security, TODD LYONS, ) | Magistrate Judge Newbern |
| Acting Director U.S. Immigrations and ) | |
| Customs Enforcement; LARRY ADAMS, ) | |
| Assistant Field Office Director, ) | |
| Immigration and Customs Enforcement ) | |
| Nashville Field Office; MELISSA HARPER, ) | |
| Immigration and Customs Enforcement, ) | |
| Field Office Director, New Orleans Field Office ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF (D.E. 1)

Defendants, by and through the undersigned Assistant United States Attorney, hereby submit this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### INTRODUCTION

Ibrahim Halil Firatli allegedly came to the United States fleeing persecution in his home country. (D.E. 1, ¶ 1, PageID #: 2). He now claims to be in imminent danger of being detained and placed in expedited removal proceedings, in violation of his due process rights. *Id.* Plaintiff's position is misplaced, and his Complaint should be dismissed for lack of jurisdiction. Defendants submit that Plaintiff's claims are barred by the Ripeness Doctrine, because he lacks standing to bring a violation of the Administrative Procedures Act ("APA") and he cannot show a violation of

the fourth or fifth amendment of the constitution, nor the Immigration and Nationality Act ("INA").

## LEGAL STANDARD

### A. Dismissal Pursuant To Fed. R. Civ. P. 12(b)(1)

Where subject-matter jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Plaintiff's burden of pleading and proving the existence of subject matter jurisdiction is well established. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182, 189 (1936). Federal courts are courts of limited jurisdiction; their jurisdiction cannot be presumed but must be affirmatively and positively pled. *Norton v. Larney*, 266 U.S. 511, 515 (1925). Courts have "a duty in every case to assure itself that the exercise of subject-matter jurisdiction is proper." *Doe v. Office of Inspector Gen. EEOC*, No. 3:24-CV-01220, 2024 WL 4535979, at *1 (M.D. Tenn. Oct. 21, 2024).

This burden is a particularly heavy one when the object of plaintiff's suit is the sovereign, because the "United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). "It is axiomatic that Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States . . . ." *Roberts v. United States*, 498 F.2d 520, 525 (9th Cir. 1974).

Waivers of sovereign immunity cannot be implied but must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). In addition, such statutory waivers, "are to be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951)

(footnote omitted). Unless sovereign immunity is explicitly waived, or does not apply, it bars equitable as well as legal remedies against the United States. *See Malone v. Bowdoin*, 369 U.S. 643, 645 (1962); *Army & Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 735 (1982).

The court's inquiry under a 12(b)(1) motion is not limited to the content of the complaint. Instead, the court is empowered to resolve factual disputes when subject matter jurisdiction is challenged. *Moir*, 895 F.2d at 269; *Rogers*, 798 F.2d at 918. Where the defendant moves for dismissal based on both Rule 12(b)(1) and 12(b)(6), the court is bound to consider the 12(b)(1) motion first, since the 12(b)(6) motion becomes moot if the court lacks subject matter jurisdiction. *Moir*, 895 F.2d at 269.

### B. Dismissal Pursuant To Fed. R. Civ. P. Rule 12(b)(6)

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court held that, although a complaint need not plead "detailed factual allegations," the allegations must be enough to raise a right to relief above the speculative level. *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen, 500 F.3d* 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court further expounded on the "two working principles" that underlie the *Twombly* decision. *Id.* at 678. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

Case 3:25-cv-01361    Document 16    Filed 11/25/25    Page 3 of 7 PageID #: 91

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under the federal rules. *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## ARGUMENT

### A. This Court Lacks Jurisdiction Over Plaintiff's Complaint

The "basic rationale" of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148-49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). A court is "obliged under Article III to limit its jurisdiction to ripe cases, to avoid issuing advisory opinions based upon hypothetical situations." *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995). "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997). "Ripeness is, thus, a question of timing." *Id.* "*If* and *when* do not a ripe controversy make." *OverDrive Inc. v. Open E-Book F.*, 986 F.3d 954, 958 (6th Cir. 2021).

The ripeness doctrine "not only depends on the finding of a case and controversy and hence jurisdiction under Article III, but it also requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985). In the context of immigration, a plaintiff's claim would ripen

4
Case 3:25-cv-01361    Document 16    Filed 11/25/25    Page 4 of 7 PageID #: 92

only after both taking "the affirmative steps that he could take" and subsequently having the agency "block[] his path by applying the regulation to him." *Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 59 (1993). The path is only blocked ordinarily when the agency "formally denied the alien's application on the ground that the regulation rendered him ineligible..." *Id*. at 60.

The APA authorizes judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. An agency action must be final in order to be judicially reviewable. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) ("When, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'").

An administrative action is a "final agency action" under the APA if: (1) the agency's action is the "consummation of the agency's decision-making process;" and (2) "the action [is] one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (further quotations omitted). The key question is whether the agency completed its decision-making process and whether the result of that process will directly affect the parties. *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 496 (6th Cir. 2014). Agency action is not final if it "does not of itself adversely affect complainant but only affects his rights adversely on the contingency of future administrative action." The denial of an immigration petition is generally a final agency action under the APA. *Bangura v. Hansen*, 434 F.3d 487, 501 (6th Cir. 2006).

Moreover, the Declaratory Judgment Act does not create an independent basis for federal jurisdiction – instead it provides an additional remedy where the court already has jurisdiction. *Mayer v. Ordman*, 391 F.2d 889, 892 (6th Cir. 1968); *Nagle v. Jaddou*, 2024 WL 4349969, *7

(E.D. Pa. Sept. 30, 2024) (dismissing claims against USCIS under the Declaratory Judgment Act where the court found that it lacked subject matter jurisdiction under the APA because there was no final agency action where the application at issue was still pending). A federal court must already have jurisdiction under another federal statute in order to invoke the Declaratory Judgment Act. *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007). Importantly, the Declaratory Judgment Act does not "allow Plaintiffs to bypass the ripeness requirement." *Tennessee v. U.S. Dep't of State*, 329 F. Supp. 3d 597, 619 (W.D. Tenn. 2018), *aff'd sub nom. State by & through Tennessee Gen. Assembly v. United States Dep't of State*, 931 F.3d 499 (6th Cir. 2019). "[I]njunctive and declaratory judgment remedies are discretionary, and courts traditionally have been reluctant to apply them to administrative determinations unless these arise in the context of a controversy 'ripe' for judicial resolution." *Abbott Lab'ys*, 387 U.S. at 148.

## CONCLUSION

Because the Court lacks subject matter jurisdiction and Plaintiff has otherwise failed to state a claim upon which relief can be granted, Defendant respectfully requests this Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

ROBERT E. MCGUIRE
First Assistant United States Attorney
Middle District of Tennessee

s/ Mercedes C. Maynor
MERCEDES C. MAYNOR, BPR #013330
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
mercedes.maynor@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States First Class Mail, postage prepaid, to the following:

| Caridad Pastor<br>Pastor & Associates, P.C.<br>575 E. Big Beaver Road, Suite 185<br>Troy, MI 48083 | Neely Baugh-Dash<br>Rose Immigration Law Firm<br>105 Westpark Drive<br>Suite 330<br>Brentwood, TN 37027 |
|---|---|

                                         s/ Mercedes C. Maynor
                                         MERCEDES C. MAYNOR
                                         Assistant United States Attorney