**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IBRAHIM HALIL FIRATLI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-01361** |
| | ) | **Judge Aleta A. Trauger** |
| **MARKWAYNE MULLIN *et al.*,** | ) | |
| | ) | |
| **Defendants,** | ) | |

## MEMORANDUM

The plaintiff filed an asylum application that the government summarily dismissed after it had been pending for more than two years. He asks this court to order the government to review his asylum application. Because the court does not have jurisdiction, the government's Motion to Dismiss (Doc. No. 24) will be granted.

## I. PROCEDURAL HISTORY

Plaintiff Ibrahim Halil Firatli originally brought this action, on November 21, 2025, against the then-Secretary of Homeland Secretary, the then-Acting Director of Immigration and Customs Enforcement ("ICE"), and two other government officials (collectively, "the defendants" or "the government"). (Doc. No. 1.) He contemporaneously filed an Emergency Motion for Temporary Restraining Order and, in the Alternative, for a Preliminary Injunction ("TRO Motion"), asking the court to enjoin the defendants from detaining him at his scheduled November 26, 2025 ICE check-in or otherwise. (Doc. No. 2 at 6.) Following briefing and a November 25, 2025 hearing, the court denied the TRO Motion for the reasons expressed on the record at the close of the hearing. (Doc. No. 19.)

Soon thereafter, the plaintiff filed the operative Amended Complaint ("FAC") (Doc. No. 21),[1] with Exhibits (Doc. Nos. 21-1 through 21-3). The plaintiff has brought this action against all of the defendants in their official capacities only.[2] (FAC ¶¶ 12–17.) The defendants filed a Motion to Dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Doc. No. 24), with an accompanying Memorandum (Doc. No. 25) and the Declaration of Simone Grant (Doc. No. 26) and Exhibits thereto (Doc. Nos. 26-1 through 26-5), which were filed under seal[3] with leave (Doc. No. 29), to which the plaintiff filed a Response (Doc. No. 31) and Exhibits (Doc. Nos. 31-1, 31-2). The defendants filed a Reply (Doc. No. 32), and, with leave (Doc No. 34), the plaintiff filed a Sur-Reply (Doc. No. 33-1).

[1] The FAC names two additional government officials as defendants: Joseph B. Edlow, Director of the U.S. Citizenship and Immigration Services ("USCIS"), and LaToya Beck, Director of the USCIS Asylum Office in New Orleans. The plaintiff includes these two additional defendants in his filings' case captions (*see* FAC at 1; Doc. No. 31 at 1; Doc. No. 33-1 at 1) and briefly describes them in a section of the FAC entitled "Parties." (FAC ¶¶ 16–17). But neither in the remainder of the FAC, nor in his briefs, does the plaintiff otherwise mention these additional defendants. Meanwhile, the four original defendants exclude them from the case captions of their Motion and briefs and do not mention them at all. (*See* Doc. No. 24 at 1; Doc. No. 25 at 1; Doc. No. 32 at 1.) Moreover, neither Edlow nor Beck appears on the docket. The docket does not reflect that they were added to the case, served, or that they are represented by counsel. Because the court will dismiss the FAC for lack of jurisdiction, the court will not belabor this point.

[2] The court takes judicial notice that Markwayne Mullin is now the Secretary of the Department of Homeland Security and David Venturella is now Acting Director of ICE. U.S. Department of Homeland Security, *Secretary Markwayne Mullin*, https://www.dhs.gov/markwayne-mullin (last visited Aug. 12, 2026) [https://perma.cc/YZP9-NC3H]; ICE, *ICE Leadership*, https://www.ice.gov/leadership (last visited Aug. 12, 2026) [https://perma.cc/2KZM-49C7]. Because the defendants are all named in their official capacities, the successors of those defendants who no longer hold their offices are automatically substituted as parties. Fed. R. Civ. P. 25(d). The Clerk will be directed to update the docket to reflect (a) the substituted parties described herein and (b) the additional defendants described in the preceding footnote.

[3] The defendants later filed redacted versions of the Exhibits on the public docket. (Doc. Nos. 30-1 through 30-5.)

## II. LEGAL STANDARDS - RULE 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs dismissal for lack of subject matter jurisdiction. Defendants can challenge the court's subject matter jurisdiction through a *facial* or *factual* attack. *Roberts v. Progressive Preferred Ins. Co.*, 167 F.4th 955, 959–60 (6th Cir. 2026) (citing *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). A facial attack challenges the "sufficiency of the pleading itself." *Id.* at 960 (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). In reviewing a facial challenge, the court must accept the complaint's allegations as true and evaluate jurisdiction accordingly. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (citing *O'Bryan v. Holy See,* 556 F.3d 361, 375 (6th Cir. 2009)). By contrast, a factual attack challenges "the factual existence of subject matter jurisdiction," so the court does not presume the truth of the complaint's factual allegations but instead weighs evidence to determine whether it has jurisdiction. *Roberts*, 167 F.4th at 960 (quoting *Ritchie*, 15 F.3d 598).

## III. FACTS

Ibrahim,[4] a "national of Turkey," fled persecution there and came to the United States, seeking safety and freedom. (FAC ¶¶ 2, 11.) On April 19, 2022, he entered the United States at El Paso, where immigration agents detained him. (*Id.* ¶ 18.) According to government records, three days later, a border patrol agent determined that, because Ibrahim did not have valid entry documents, he was inadmissible and subject to removal under the Immigration and Nationality Act ("INA"). (Record of Deportable/Inadmissible Alien, Doc. No. 26-1 at 3.) This finding is also reflected in the top portion of the Form I-860 (Notice and Order of Expedited Removal), also dated

[4] The plaintiff refers to himself by his first name, rather than by his surname, (*see, e.g.*, FAC ¶¶ 2, 5, 18, 21), so the court will as well.

April 22, 2022, entitled "Determination of Inadmissibility." (Doc. No. 26-2 at 2 (citing 8 U.S.C. §§ 1225(b)(1), 1182(a)(7)(A)(i)(I).)[5] Ibrahim expressed a fear of persecution if he returned to Turkey. (FAC ¶ 30.) The second portion of the I-860 Form, entitled "Order of Removal," was not completed or signed (Doc. No. 26-2 at 2), which, the government explains, was because Ibrahim was referred for a Credible Fear Interview. (Doc. No. 32 at 2.) When a noncitizen[6] expresses fear of persecution, expedited removal is not allowed until and unless an asylum officer determines that such a fear is not credible in a Credible Fear Interview. 8 U.S.C. § 1225(b)(1)(A)(i)–(ii), (b)(1)(B)(i), (iii)(I); *Mullin v. Al Otro Lado*, 146 S. Ct. 2079, 2087 (2026) (citations omitted). The government's Exhibits reflect that Ibrahim had made such a claim and was referred for a Credible Fear Interview. (Doc. No. 26-1 at 2; Doc. No. 26-4 at 2–3.) However, Ibrahim alleges, and the government does not dispute, that he has never received a Credible Fear Interview. (FAC ¶ 31.)

Roughly one month later, on May 17, 2022, ICE issued Ibrahim an Interim Notice Authorizing Parole stating it had "decided to parole [him] pursuant to its authority under section 212(d)(5)(A) of the Immigration and Nationality Act" (Doc. No. 21-1 at 1), which permits the parole of noncitizens applying for admission for "urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). Thereafter, Ibrahim alleges that he was "paroled into the U.S. to pursue an asylum application." (FAC ¶ 18.)

On February 2, 2023, while paroled, Ibrahim filed an asylum application, Form I-589, with USCIS. (FAC ¶ 21; Doc. No. 21-2 at 1 (acknowledging receipt of Form I-589).) More than two

---

[5] Ibrahim alleges that he was not issued the I-860 Form when he was detained and "was not placed in expedited removal proceedings." (FAC ¶ 19.)

[6] Following the Sixth Circuit's lead, this court uses the term "noncitizen" as equivalent to the statutory term "alien." *Lopez-Campos v. Raycraft*, 175 F.4th 713, 719 n.1 (6th Cir. 2026) (citing *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 n.1 (2023)).

years later, and more than three years after he came to this country, on June 13, 2025, USCIS dismissed Ibrahim's asylum application, stating that "DHS[] records indicate that you were apprehended by DHS officials, placed in expedited removal, and issued a Form I-860, Notice and Order of Expedited Removal." (Notice of Dismissal of Form I-589, Doc. No. 21-3 at 1.)[7] The Notice of Dismissal further stated that "[t]he asylum office cannot process your Form I-589 at this time" but noted that Ibrahim "may still have [his] claim of fear considered by an asylum officer through the credible fear screening processes pursuant to 8 CFR 208.30." (*Id.*) Since applying for asylum, Ibrahim has twice received work authorizations (FAC ¶ 24), one time several months after USCIS dismissed his asylum application. (Employment Authorization Approval Notice, Doc. No. 31-2 at 1 (dated October 24, 2025).)

Based on these allegations, Ibrahim asserts violations of the INA, Administrative Procedure Act, and the U.S. Constitution. (FAC ¶¶ 34–60.) He asks that the court (a) declare that the "dismissal of Plaintiff's asylum application was unlawful," (b) order USCIS to adjudicate his asylum application; (c) grant a preliminary injunction preventing the defendants from "redetaining" him; (d) declare that the plaintiff's "imminent detention is a violation of the U.S. Constitution and Administrative Procedures Act," and (e) award him costs and attorneys' fees. (*Id.* at 21.)

## IV. DISCUSSION

Section 242 of the INA, codified at 8 U.S.C. § 1252, limits judicial review of agency actions related to orders of removal. Section 1252(a)(2) of Title 8 is titled "Matters not subject to judicial review" and subparagraph (A) is titled "Review relating to section 1225(b)(1)," which governs expedited removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) ("Aliens covered

[7] The plaintiff has also filed a more-legible version of this same document. (Doc. No. 1-2.)

by § 1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process." (citing 8 U.S.C. § 1225(b)(1)(A)(i))). Subparagraph (A) provides, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review--
>
> > (i) . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,
> >
> > (ii) . . . a decision by the Attorney General to invoke the provisions of such section,
> >
> > (iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title.

8 U.S.C. § 1252(a)(2)(A). As one court has explained, "the statute insulates from review even the Attorney General's *errant* invocation and application of expedited removal procedures, save for limited exceptions not present here." *Alfonso v. Current Warden, Miramar ICE Field Off.*, 831 F. Supp. 3d 1251, 1256 (S.D. Fla. 2026) (citing 8 U.S.C. § 1252(a)(2)(A)(ii)–(iii)).

Ibrahim argues that no Expedited Order of Removal exists because the "Order" section of Form I-860 is blank and because "Defendants removed him from the class of individuals subject to expedited removal" when he was paroled into the country. (Doc. No. 31 at 2–5.) He argues that the basis for the dismissal of his asylum application—that he was placed in expedited removal—is incorrect. Thus, "[w]ithout a valid expedited order, there is nothing to trigger § 1252(a)(2)(A)." (*Id.* at 5–6.) Put another way, Ibrahim does not challenge the "implementation or operation of an order of removal"; he "challenges the dismissal of his asylum application . . . on the erroneous assertion that such an order exists." (*Id.* (quoting 8 U.S.C. § 1252(a)(2)A)(i)).)

The government concedes that Ibrahim was never ordered removed—because Ibrahim has not had a Credible Fear Interview—but contends that he was "placed in expedited removal"

nonetheless. (Doc. No. 32 at 2; *see also* Doc. No. 25 at 5–6 ("CBP issued Plaintiff a Form I-860 Notice and Order of Expedited Removal, thereby placing him in expedited removal proceedings" (citing Doc. No. 26-2)).) And "an alien subject to expedited removal cannot seek asylum by affirmatively filing an application." *Diakite v. Isaacson*, No. 26-898, 2026 WL 2196268, at *3 (E.D. Pa. July 29, 2026) (citation omitted); *see also Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Mullin*, 174 F.4th 81, 94 n.1 (D.C. Cir. 2026) ("Individuals who are *not* in any kind of removal proceeding may . . . file an affirmative application for asylum." (emphasis added) (first citing 8 U.S.C. § 1158(a)(1); and then citing 8 C.F.R. § 208.1(a)(1))). The government argues that, while the plaintiff frames his Amended Complaint as an attack only on the dismissal of his asylum application, in fact the plaintiff challenges "his placement in expedited removal proceedings." (Doc. No. 25 at 10.) The court agrees with other courts to have considered the same issue on similar facts: it does not have jurisdiction.

As one court put it, and as is also true here, the "central allegation of the Complaint is that USCIS wrongfully dismissed [the plaintiff]'s affirmative asylum application on the grounds that he had been placed in expedited removal proceedings and remained in such expedited proceedings." *S.W. v. Noem*, No. 25-cv-9264, 2025 WL 3754067, at *4 (S.D.N.Y. Dec. 29, 2025). Deciding the plaintiff's claim would require this court to "'review . . . a decision by the [defendants] to invoke' expedited removal proceedings as well as 'the application of' (*i.e.*, the applicability of) expedited removal proceedings to [the plaintiff], neither of which a district court has jurisdiction to do under sections 1252(a)(2)(A)(ii) and (iii)." *Id.* at *6. Similarly, in *Diakite v. Isaacson*, the court observed that "'no court shall have jurisdiction to review' 'a decision by the Attorney General to invoke the provisions of [§ 1225(b)(1)]' of Title 8 or 'the application of such section to individual aliens.'" 2026 WL 2196268, at *2 (quoting 8 U.S.C. § 1252(a)(2)(A)(ii)–

(iii)). And it found that, if it "ordered the defendants to consider the plaintiffs' affirmative-asylum applications, the Court would have to determine that the plaintiffs are not in fact subject to expedited removal under 8 U.S.C. § 1225(b)(1)," which would require the court to "to review (1) a decision by the Attorney General to invoke expedited removal under 8 U.S.C. § 1225(b)(1) and (2) the application of that section to individual aliens." *Id.* at *3 (citing *S.W.*, 2025 WL 3754067, at *4–6)).

## V. CONCLUSION

The government has not requested that the FAC be dismissed with prejudice. And "dismissal for lack of subject matter jurisdiction should normally be without prejudice." *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) (citations omitted). Accordingly, and for the foregoing reasons, the court will grant the government's Motion to Dismiss (Doc. No. 24), but the FAC will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge